IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:22-cr-36-M

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DESMOND ANTONIO HINES,

    Defendant.

ORDER

On April 26, 2022, the United States filed a superseding indictment charging Defendant with one count of possession with intent to distribute cocaine base (the "drug offense") and one count of possession of a firearm and ammunition as a convicted felon (the "firearm offense"). DE 15. On June 21, 2023, Defendant pled guilty to the drug offense and not guilty to the firearm offense. On July 2, 2024, after the conclusion of a two-day trial, a jury returned a guilty verdict as to the firearm offense. Defendant has since moved for a new trial under Fed. R. Crim. P. 33 and to dismiss the superseding indictment based on Second Amendment grounds. *See* DE 122. The United States responded in opposition to Defendant's motion on July 24, 2024. *See* DE 125.

Defendant has not offered, and the court does not perceive, any meritorious grounds warranting a new trial "in the interest of justice." *See* Fed. R. Crim. P. 33(a); *United States v. Millender*, 970 F.3d 523, 531 (4th Cir. 2020) ("A new trial is warranted only when the evidence weighs so heavily against the verdict that it would be unjust to enter judgment." (cleaned up)). Accordingly, Defendant's motion for a new trial is DENIED.

Defendant's motion for new trial also requests that the court dismiss the superseding indictment because 18 U.S.C. § 922(g)(1) is purportedly unconstitutional on its face and as applied

to him. DE 122. As the United States argues, this request is untimely under Fed. R. Crim. P. 12(c). Defendant's motion is based on a constitutional argument that was reasonably available to him before the start of his trial. *See* Fed. R. Crim. P. 12(b)(3) & (c). Moreover, Defendant has not demonstrated "good cause" as to why this court should consider his argument after a twelve-member jury has found him guilty of committing the challenged offense. *See id.* 12(c)(3).

However, even if good cause for the delay exists, the request still fails on its merits. Defendant argues the government cannot prove that § 922(g)(1) is a "lawful restriction on gun ownership based on text, history, and tradition" under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111 (2022). *See* DE 122 at 1. However, in rejecting a prior facial and as-applied challenge to § 922(g)(1), this court has explained that the statute is presumptively valid under the existing Second Amendment jurisprudence of the Supreme Court and Fourth Circuit. *See United States v. Bynum*, 699 F. Supp. 3d 418, 422–23 (E.D.N.C. 2023). In *Bynum*, the court stated:

> This court does not interpret *Bruen* as abrogating the constitutional assessment of Section 922(g)(1) developed by *Heller*, *McDonald*, *Moore*, *Pruess*, and their progeny. For one, the Court in *Bruen* was tasked with evaluating the constitutionality of a different (state) law, and the petitioners were two "ordinary, law-abiding citizens." *Id.* at 2122, 2124–25. Plainly, the Court was not considering Section 922(g)(1), which proscribes firearm possession by those "who ha[ve] been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Second, although the Court "declined to adopt" the two-part analytical approach for Second Amendment challenges, see *Bruen*, 142 S. Ct. at 2126, it was silent on the modified analytical approach announced in *Moore* and re-affirmed in *Pruess*. Third, Justice Alito's concurrence in *Bruen* explained that the majority holding did not "disturb[] anything that [they] said in *Heller* or *McDonald* [] about restrictions that may be imposed on the possession or carrying of guns." *Id.* at 2157. Lastly, the concurrence of Justice Kavanaugh, which Chief Justice Roberts joined, cited *Heller* and *McDonald* to "underscore [the] important point[]" that "the Second Amendment allows a variety of gun regulations," including "prohibitions on the possession of firearms by felons." *Id.* at 2162 (internal quotation marks omitted).

2

In sum, *Heller* and *McDonald* remain in full force. Those cases explained that prohibitions on the possession of firearms by felons represent presumptively constitutional regulatory measures. *Heller*, 554 U.S. at 626 & n.26, 128 S.Ct. 2783; *McDonald*, 561 U.S. at 786, 130 S.Ct. 3020. In light of those decisions, the Fourth Circuit held that Section 922(g)(1) is constitutional on its face and as applied to an individual with a prior violent felony conviction. *Moore*, 666 F.3d at 316. The *Moore* Court reached that conclusion through a modified analytical approach, not the two-part approach first adopted in *Chester* and diverged from in *Bruen*. *See id.* at 318; *see also Pruess*, 703 F.3d at 246 (explaining that *Moore* "rejected [the defendant]'s challenge without proceeding through a full *Chester* analysis"). Neither did the Courts in *Moore* or *Pruess* engage in the sort of means-end scrutiny abrogated by *Bruen*. *See Moore*, 666 F.3d at 316–20; *Pruess*, 703 F.3d at 246–47.

*Id.* The Supreme Court recently reinforced this conclusion when it reiterated that "many [categorical] prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'" *See United States v. Rahimi*, 144 S. Ct. 1889, 1902 (2024) (quoting *Heller*, 554 U.S. at 626, 627, n.26). Accordingly, § 922(g)(1) is constitutional on its face and as applied to Defendant because of his prior felony convictions. *See id.* (collecting cases).

Defendant has also filed several pro se motions requesting the court to order a mistrial [DE 123] and arrest his guilty verdict [DE 124]. Because hybrid representation is not allowed, the court denies Defendant's pro se motions without prejudice. *See United States v. Hammond*, 821 F. App'x 203, 207 (4th Cir. 2020).

In sum, Defendant's motion for a new trial and to dismiss the superseding indictment [DE 122] is DENIED. Defendant's pro se motions for a mistrial [DE 123] and an arrest of judgment [DE 124] are DENIED WITHOUT PREJUDICE.

SO ORDERED this 5th day of August, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE